IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| SHANDA BRITE | § | |
| | § | |
| Movant, | § | |
| | § | |
| V. | § | Civil No. 4:16-CV-0838-O |
| | § | (No. 4:15-CR-0153-O-(04)) |
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Shanda Brite ("Movant"), a federal prisoner, filed a motion to vacate, set aside, or correct her federal sentence pursuant to 28 U.S.C. § 2255. After considering her Section 2255 motion (ECF No. 1), the government's response (ECF No. 4), and her reply (ECF No. 5), the Court concludes that her Section 2255 motion should be denied as meritless.

**Applicable Background**

Movant pleaded guilty to maintaining a drug-involved premises, in violation of 21 U.S.C. § 856(a)(1). In a factual resume, she admitted that, from September 2014 through her arrest, she allowed others, including Erica Ayala and Miguel Bonilla, to use her house to sell methamphetamine in exchange for methamphetamine. *See* No. 4:15-CR-153-O, ECF No. 128. In the Presentence Report ("PSR"), Movant was held accountable for 541.88 grams of methamphetamine; that total represented the sum of the amounts that Movant had received from Ayala in exchange for the use of her house, the large amounts delivered to–and possessed by–Ayala at Movant's house, the

-1-

amounts Movant had delivered to others, and the methamphetamine that she had placed in her mailbox for one of Ayala's customers. *See* No. 4:15-CR-153-O, ECF No. 227. The PSR also recommended enhancements on the following grounds: Movant possessed a dangerous weapon during the offense; the methamphetamine was imported from Mexico; and Movant maintained a residence to traffic drugs. *Id.* Furthermore, the PSR recommended against a reduction for accepting responsibility, despite Movant's admission of guilt, because she had violated the conditions of her pretrial release. *Id.*

At sentencing, Movant's counsel objected to the PSR's recommendations regarding the dangerous weapon enhancement and the refusal to award Movant a reduction for accepting responsibility. Her counsel did not, however, challenge the PSR's conclusion that Movant was accountable for the 541.88 grams of methamphetamine possessed by or delivered to Ayala at Movant's house. The Court sustained Movant's objections and sentenced her to prison for 120 months. *See* No. 4:15-CR-153-O, ECF No. 457.

Movant did not file a direct appeal. She did, however, timely file this Section 2255 motion. She presents only one claim–that her sentencing counsel was ineffective for failing to object to the PSR's conclusion that she was responsible for 541.88 grams of methamphetamine. *See* 4:16-cv-0838-O, ECF No. 1.

### Standard Governing Ineffective Assistance of Counsel Claims

The Sixth Amendment guarantees a criminal defendant "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To prevail

on her claim that she was denied reasonably effective assistance, Movant must show that (1) her counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. *Id.* at 687-91, 694.

## Analysis

Movant asserts that her counsel was ineffective for failing to object to the amount of methamphetamine that the PSR attributed to her. Specifically, she urges that counsel should have challenged the PSR's conclusion that she was responsible for the 226.8 grams of methamphetamine that was delivered to Ayala at Movant's house and the additional 255.25 grams that Ayala possessed there. However, because the PSR correctly attributed those amounts of methamphetamine to Movant, she cannot show that counsel was deficient in not raising that objection. *See United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument cannot form the basis of a successful ineffective assistance of counsel claim.").

The sentence for a defendant convicted of a drug offense is "based on the amount of drugs involved in the offense." *United States v. Rhine*, 583 F.3d 878, 885 (5th Cir. 2009); *see also* U.S.S.G. § 2D1.1(a)(5), (c). That quantity includes both drugs with which the defendant was directly involved, and those drugs that can be attributed to the defendant under the United States Sentencing Guidelines § 1B1.3. Under Section 1B1.3, a defendant who engaged in a joint criminal activity is accountable for the other participants' acts that were (i) within the scope of the jointly undertaken criminal

activity, (ii) in furtherance thereof, and (iii) were reasonably foreseeable in connection with that activity. And, in drug cases like this one, the defendant is accountable for the contraband that was the object of that jointly undertaken activity. *See* U.S.S.G. § 1B1.3, cmt. n. 3.

Movant alleges that there was no evidence from which the Court could conclude that she and Ayala jointly undertook a scheme to sell drugs. But Movant pleaded guilty to maintaining a house that Ayala would use to sell methamphetamine. Movant also signed a factual resume admitting that she let Ayala, and others, use her house to sell methamphetamine, and, in exchange, Ayala gave Movant methamphetamine. Moreover, the PSR stated that Movant had driven Ayala to her methamphetamine supplier to obtain methamphetamine, deposited methamphetamine in her mailbox for one of Ayala's customers, and, on several occasions, delivered methamphetamine to Ayala's customers. The Court could properly rely on that information from the PSR, *see United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013), to determine that Movant and Ayala jointly undertook a criminal plan to sell methamphetamine from Movant's house. *See* U.S.S.G. § 1B1.3, cmt. n. 3(B) (determining the scope of the jointly undertaken criminal activity involves considering "any explicit agreement or implicit agreement fairly inferred from the conduct of the defendant and others.").

Moreover, given the joint criminal activity undertaken by Ayala and Movant, the large amounts of methamphetamine that Ayala possessed–and those that were delivered to her at Movant's house–were both properly attributed to Movant. Ayala's possession of that methamphetamine fell squarely within the scope of the plan to sell

methamphetamine from Movant's house. Ayala received, possessed, and stored methamphetamine there to further that jointly undertaken activity, and those actions were reasonably foreseeable in light of it. Therefore, those amounts were properly attributable to Movant under Section 1B1.3.

Because the PSR correctly held Movant accountable for both of the challenged amounts of methamphetamine, her counsel did not act unreasonably in failing to so challenge the PSR.

## Evidentiary Hearing

Upon review of the motion to vacate and the files and records of this case, an evidentiary hearing appears unnecessary. No evidentiary hearing is required if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). In this instance, the matters reviewed by the Court conclusively show that Movant is entitled to no relief.

## Certificate of Appealability

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the Court denies a certificate of appealability. Movant has failed to show (1) that reasonable jurists would find this Court's "assessment of the constitutional claims debatable or wrong," or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this Court] was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 48 (2000).

In the event Movant elects to file a notice of appeal, the Court notes that he will need to pay the appellate filing fee or submit a motion to proceed *in forma pauperis*.

## Conclusion

This Section 2255 action is **DENIED** as meritless.

**SO ORDERED** this **27th day** of **July, 2017**.

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE